# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPANA SWISS ADVISORS, AG, et al., | **Case No.** _____ |
| Plaintiffs, | Originating Court: D. Utah<br>Originating Case No.: 2:23-CV-00467 |
| v. | |
| RYMARK INC., et al., | **DECLARATION OF JONATHAN GOLDSTEIN IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA OR FOR ENTRY OF PROTECTIVE ORDER** |
| Defendants. | |

I, Jonathan Goldstein, pursuant to section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1.  I am lead counsel for H2E Americas, LLC ("H2E"), a Delaware corporation and the Movant in the above-referenced motion. I am also lead counsel for John and Sarah Simkiss, members of H2E. I have personal knowledge of the following and, if called as a witness, could testify to the following:

2.  On December 18, 2024, Defendants Rymark, Inc., Nicholas Markosian, and Vicky Small ("Defendants") served third-party discovery requests—a deposition subpoena and a subpoena *duces tecum*—on H2E. Ex. 1, 2.

3.  On that same date, I reached out to and spoke with Defendant's counsel to confer as to the method of compliance, including the dates of the deposition and scope of the document requests as to H2E. Ex 3.

4.   On December 18, 2024, I began working with H2E to search for documents responsive to the subpoenas served upon H2E.

5.   On December 26, 2024, after discussion with H2E regarding the subpoenas and the attempted service of subpoenas John and Sarah Simkiss, I delivered timely written objections to the subpoena *duces tecum* served upon H2E. Ex. 4.

6.   On January 3, 2025, I met and conferred again with Defendants' counsel by telephone. Among other points of discussion, we discussed H2E's objections to the subpoena *duces tecum* and Defendants' apparent attempts to harass H2E by subpoenaing both John and Sarah Simkiss.

7.   During my January 3, 2025 conference with Defendants' counsel, I also made clear that H2E's representative, John Simkiss, and/or I would not be available on the date of the scheduled deposition. I had a prescheduled mission trip to Israel with my synagogue from January 19, 2025, through January 27, 2025.

8.   On January 8, 2025, Defendants' counsel corresponded with me to communicate that Defendant would not be withdrawing any subpoenas and agreed to just one limitation on their subpoena *duces tecum*: a date limitation of "2016 to the present." Ex. 5.

9.   At the same time, Defendants' counsel insisted that document delivery be accomplished within seven days before deposition of H2E's representative, noting that the close of fact discovery was January 28, 2025, and "will require deposition

dates before that cutoff" unless Defendants' counsel could reach a stipulation with their opposing counsel to conduct depositions after the deadline. Ex. 5.

10. On January 15, 2025, I asked a number of questions of Defendants' counsel in an effort to locate responsive documents and to come to an agreement on fee sharing. Ex. 6.

11. However, on January 16, 2025, Defendants' counsel responded without answering any of my questions, instead demanding that my client state "today" whether he would agree "in principle to sit for deposition and produce documents." Ex. 7.

12. I responded to indicate that greater clarity was needed before documents could be located and thereafter sit for a deposition with or without an understanding of the subject matter. Ex. 8. I also offered to continue discussions while I traveled internationally. *Id.*

13. I have yet to hear back from Defendants' counsel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 22, 2025          *s/ Jonathan Goldstein*

**Jonathan Goldstein**
Attorney I.D. No. 201627
Email: jgoldstein@goldsteinlp.com
Goldstein Law Partners, LLC
200 School Alley, Suite 5
Green Lane, PA 18054
Telephone: 610-949-0444
Facsimile: 215-257-1910

# Ex. 1

# UNITED STATES DISTRICT COURT

### for the

### District of Utah

| | |
|---|---|
| CAPANA SWISS ADVISORS, AG, et al. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.    2:23-CV-00467 |
| | ) |
| RYMARK INC., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                 H2E AMERICAS, LLC

c/o A Registered Agent, Inc., 8 The Green, Ste A, Dover, DE 19901

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**SEE ATTACHMENT A**

| Place: | Kunzler Bean & Adamson, PC | (*electronic | Date and Time: | January 8, 2025 4 p.m. |
|---|---|---|---|---|
| | 50 W. Broadway, Suite 1000 | production preferred | | |
| | Salt Lake City, UT 84101 | per instructions) | | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/16/2024

          *CLERK OF COURT*

                                   OR     *Chad S. Pehrson*

              *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Rymark, Inc., Nicholas Markosian, and Vicky Small      , who issues or requests this subpoena, are:
Chad S. Pehrson, Robert P. Harrington, Kunzler Bean & Adamson, PC, 50 W. Broadway, Suite 1000, Salt Lake City,
UT 84101 - (801) 994-4646 - cpehrson@kba.law and rharrington@kba.law

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Ex. 1

Civil Action No.     2:23-CV-00467

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Ex. 1

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## ATTACHMENT A

## INSTRUCTIONS

For purposes of responding to this Subpoena Duces Tecum, please adhere to the following instructions:

1.    You must produce a document in its entirety and not just portions thereof, including all attachments to responsive emails. If any document is not produced in full, please state the reason(s) the document is not being produced in full and describe with reasonable particularity the portions of the document not being produced.

2.    You must produce all non-identical copies or drafts (meaning copies or drafts that are different from the originals because of alterations, notes, comments, etc.) of any documents.

3.    If any documents are withheld based upon a claim of privilege, work produce, confidentiality, or any other grounds, please state with respect to each document the nature of the withheld document and the reason it is being withheld.

4.    We prefer that you produce documents electronically. Please send the electronic production to the following: cpehrson@kba.law; jadamson@kba.law; srichards@kba.law; rharrington@kba.law; acoats@kba.law; and mhansen@kba.law.

## DEFINITIONS

1.    "You" and "Your" mean H2E Americas, LLC, any corporate entities in which H2E Americas holds a controlling interest, and all present and former attorneys, agents, employees, officials, contractors, representatives, or other persons who possess, or who have obtained information for or on H2E Americas' behalf.

2.    A reference to a person includes an individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust,

association, or other entity and includes all of that person's principals, employees, agents, attorneys, consultants, and other representatives.

3.     "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A). The term "document" refers to any document now or at any time in H2E America's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

4.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.     "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

6.     The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

7.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

8.     The use of singular form includes plural, and vice versa.

9.     The use of present tense includes past tense, and vice versa.

## REQUESTS

1.     All communications between you and any of the following:

    a.  Shaen Bernhardt

    b.  Ashley Miron Leshem

    c.  David Hesterman

    d.  Nicolai Colshorn

e. Stefan Kammerlander

f. Alexander Coenen

g. Martin Fasser Heeg

h. Capana Swiss Advisors AG

i. Amerimark Group AG

j. Amerimark Automotive Group AG

k. Philomaxcap AG

l. Orbital AG

m. Philocity Global GmbH

n. H2E Americas LLC

o. Whitetree Capital

p. Erika Zordaki

q. Josh McMorrow

2. All documents and communications that refer or relate to AmeriMark Automotive AG, AmeriMark Group AG, 4Service Cloud Tech AG, Rymark, Inc., Nicholas Thayne Markosian, John Kirkland, Vicky Small, Capana Swiss Advisors AG, Capana Swiss Advisors AG, and/or Orbital AG.

3. All documents and communications that refer or relate to any actual or potential transaction between or among any of the following: H2E Americas LLC, Philomaxcap AG, Capana, Amerimark AG, and/or Philocity Global GmbH.

4. Any consideration (whether cash, stock, real property, or otherwise) related to any of the actual potential transactions listed above.

5. Records of all corporate meetings of H2E Americas LLC.

6.      All documents and communications concerning Whitetree Capital.

7.      All documents and communications concerning Erika Zorkadi.

8.      All documents and communications that refer or relate to any business dealings between you and Orbital AG or Capana Swiss Advisors AG, including but not limited to loans you have received from Orbital AG or Capana Swiss Advisors AG and loans you have provided to Orbital AG or Capana Swiss Advisors AG.

## DUCivR 37-1 DISCOVERY: MOTIONS AND DISPUTES; REFERRAL TO MAGISTRATE JUDGE

### (a) Discovery Disputes.

(1) The parties must make reasonable efforts without court assistance to resolve a dispute arising under Fed. R. Civ. P. 26-37 and 45. At a minimum, those efforts must include a prompt written communication sent to the opposing party:

(A) identifying the discovery disclosure/request(s) at issue, the repsones(s) thereto, and specifying why those repsonses/objections are inadequate, and;

(B) requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so.

(2) If the parties cannot resolve the dispute, and they wish to have the Court mediate the dispute in accordance with Fed. R. Civ. P. 16(b)(3)(v), the parties (either individually or jointly) may contact chambers and request a discovery dispute conference.

(3) If the parties wish for the court to resolve the matter by order, the parties (either individually or jointly) must file a Short Form Discovery Motion, which should not exceed 500 words exclusive of caption and signature block.

(4) The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys. The filing party should include a copy of the offending discovery request/response (if it exists) as an exhibit to the Short Form Motion. Each party should also e-mail chambers a proposed order setting forth the relief requested in a word processing format.

(5) The parties must request expedited treatment as additional relief for the motion in CM/ECF to facilitate resolution of the dispute as soon as practicable. (After clicking the primary event, click Expedite.)

(6) The opposing party must file its response five business days [5] after the filing of the Motion, unless otherwise ordered. Any opposition should not exceed 500 words exclusive of caption and signature block.

## Motions

Start typing to find another event.

| **Available Events** (click to select events) | **Selected Events** (click to remove events) |
|---|---|
| Dismiss Case as Frivolous | Disqualify Judge |
| Dismiss Party | Expedite |
| Dismiss for Failure to State a Claim | |
| Dismiss/Lack of Jurisdiction | |
| Dismiss/Lack of Prosecution | |
| Disqualify Counsel | |
| Disqualify Judge | |
| Disqualify Juror | |
| Enforce | |
| Enforce IRS Summons | |
| Enforce Judgment | |
| Entry of Default | |
| Entry of Judgment | |
| Exclude | |

[ Next ]  [ Clear ]

(7) To resolve the dispute, the court may:

(A) decide the issue on the basis of the Short Form Discovery Motion after hearing from the parties to the dispute, either in writing or at a hearing, consistent with DUCivR 7-1(f);

(B) set a hearing, telephonic or otherwise, upon receipt of the Motion without waiting for any Opposition; and/or

(C) request further briefing and set a briefing schedule.

(8) If any party to the dispute believes it needs extended briefing, it should request such briefing in the short form motion or at a hearing, if one takes place. This request should accompany, and not replace, the substantive argument.

(9) A party subpoenaing a non-party must include a copy of this rule with the subpoena. Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow this procedure

(10) If disputes arise during a deposition that any party or witness believes can most efficiently be resolved by contacting the Court by phone, including disputes that give rise to a motion being made under Rule 30(d)(3), the parties to the deposition shall call the assigned judge and not wait to file a Short Form Discovery Motion.

(11) Any objection to a magistrate judge's order must be made according to Federal Rule of Civil Procedure 72(a), but must be made within fourteen (14) days of the magistrate judge's oral or written ruling, whichever comes first, and must request expedited treatment. DUCivR 72-3 continues to govern the handling of objections.

# Ex. 1

**Short Form Discovery Flow Chart**

When a discovery dispute arises, the parties must make reasonable efforts without the court to resolve that dispute. **At a minimum**, the party who intends to file a motion must:

**(1) identify the problem, (2) explain the deficiency, citing legal authority, (3) and request a telephone or in-person meeting.**



If the parties' attempts at informal resolution are unsuccessful, they may file a joint, or individual, motion seeking relief, but that motion may not exceed 500 words exclusive of caption and signature block. This motion must include a certification that the parties attempted to reach an agreement including "the date, time, and place of such consultation and the names of all participating parties or attorneys." The filing party or parties must request expedited treatment of the motion.

Unless otherwise ordered, the opposing party must file an opposition within five business days, also limited to 500 words



| Motion decided without hearing | Hearing set (potentially before opposition filed) | Court requests further briefing and sets briefing schedule |

Court issues ruling and order.

Any appeal from a magistrate judge's decision on a Short Form Discovery Motion is reviewed under an extremely-deferential standard that requires the objecting party to show the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Any purported error must strike the district court "as wrong with the force of a five-week-old, unrefrigerated dead fish." *Flying J Inc. v. TA Operating Corp.*, No. 06-30, 2008 WL 2019157, at *1 (D. Utah May 7, 2008) (quoting *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.,* 866 F.2d 228, 233 (7th Cir.1998)).

# Ex. 2

# UNITED STATES DISTRICT COURT
### for the
### District of Utah

| | | |
|---|---|---|
| CAPANA SWISS ADVISORS, AG, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    2:23-CV-00467 |
| | ) | |
| RYMARK, INC., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    H2E AMERICAS, LLC c/o
A Registered Agent, Inc., 8 The Green, Ste A, Dover, DE 19901
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A

| Place: | Remote - Zoom<br>https://us02web.zoom.us/j/81718598730?pwd=gDM<br>bmrjbLnFthjlbOABOs5m5ignXKT.1 | Date and Time:    January 23, 2025 11:00 a.m.EST<br>Meeting ID: 817 1859 8730<br>Passcode: 492636 |
|---|---|---|

The deposition will be recorded by this method:   Court Reporter and Zoom Recording

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   December 13, 2024
### *CLERK OF COURT*

|                                    OR |    /S/ Chad S. Pehrson |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Rymark, Inc., Nicholas Markosian, and Vicky Small                            , who issues or requests this subpoena, are:
Chad S. Pehrson and Robert P. Harrington, Kunzler Bean & Adamson, PC, 50 W. Broadway, Suite 1000, Salt Lake City, UT 84101 - (801) 939-3697 - cpehrson@kba.law and rharrington@kba.law

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.     2:23-CV-00467

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ _____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ _____ _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Ex. 2

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**DUCivR 37-1 DISCOVERY: MOTIONS AND DISPUTES; REFERRAL TO MAGISTRATE JUDGE**

**(a) Discovery Disputes.**

(1) The parties must make reasonable efforts without court assistance to resolve a dispute arising under Fed. R. Civ. P. 26-37 and 45. At a minimum, those efforts must include a prompt written communication sent to the opposing party:

(A) identifying the discovery disclosure/request(s) at issue, the repsones(s) thereto, and specifying why those repsonses/objections are inadequate, and;

(B) requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so.

(2) If the parties cannot resolve the dispute, and they wish to have the Court mediate the dispute in accordance with Fed. R. Civ. P. 16(b)(3)(v), the parties (either individually or jointly) may contact chambers and request a discovery dispute conference.

(3) If the parties wish for the court to resolve the matter by order, the parties (either individually or jointly) must file a Short Form Discovery Motion, which should not exceed 500 words exclusive of caption and signature block.

(4) The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys. The filing party should include a copy of the offending discovery request/response (if it exists) as an exhibit to the Short Form Motion. Each party should also e-mail chambers a proposed order setting forth the relief requested in a word processing format.

(5) The parties must request expedited treatment as additional relief for the motion in CM/ECF to facilitate resolution of the dispute as soon as practicable. (After clicking the primary event, click Expedite.)

(6) The opposing party must file its response five business days [5] after the filing of the Motion, unless otherwise ordered. Any opposition should not exceed 500 words exclusive of caption and signature block.

## Motions

Start typing to find another event.

| **Available Events** (click to select events) | **Selected Events** (click to remove events) |
| --- | --- |
| Dismiss Case as Frivolous | Disqualify Judge |
| Dismiss Party | Expedite |
| Dismiss for Failure to State a Claim | |
| Dismiss/Lack of Jurisdiction | |
| Dismiss/Lack of Prosecution | |
| Disqualify Counsel | |
| Disqualify Judge | |
| Disqualify Juror | |
| Enforce | |
| Enforce IRS Summons | |
| Enforce Judgment | |
| Entry of Default | |
| Entry of Judgment | |
| Exclude | |

[ Next ]  [ Clear ]

(7) To resolve the dispute, the court may:

(A) decide the issue on the basis of the Short Form Discovery Motion after hearing from the parties to the dispute, either in writing or at a hearing, consistent with DUCivR 7-1(f);

(B) set a hearing, telephonic or otherwise, upon receipt of the Motion without waiting for any Opposition; and/or

(C) request further briefing and set a briefing schedule.

(8) If any party to the dispute believes it needs extended briefing, it should request such briefing in the short form motion or at a hearing, if one takes place. This request should accompany, and not replace, the substantive argument.

(9) A party subpoenaing a non-party must include a copy of this rule with the subpoena. Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow this procedure

(10) If disputes arise during a deposition that any party or witness believes can most efficiently be resolved by contacting the Court by phone, including disputes that give rise to a motion being made under Rule 30(d)(3), the parties to the deposition shall call the assigned judge and not wait to file a Short Form Discovery Motion.

(11) Any objection to a magistrate judge's order must be made according to Federal Rule of Civil Procedure 72(a), but must be made within fourteen (14) days of the magistrate judge's oral or written ruling, whichever comes first, and must request expedited treatment. DUCivR 72-3 continues to govern the handling of objections.

# Ex. 2

**Short Form Discovery Flow Chart**

When a discovery dispute arises, the parties must make reasonable efforts without the court to resolve that dispute. **At a minimum**, the party who intends to file a motion must:

**(1) identify the problem, (2) explain the deficiency, citing legal authority, (3) and request a telephone or in-person meeting.**



If the parties' attempts at informal resolution are unsuccessful, they may file a joint, or individual, motion seeking relief, but that motion may not exceed 500 words exclusive of caption and signature block. This motion must include a certification that the parties attempted to reach an agreement including "the date, time, and place of such consultation and the names of all participating parties or attorneys." The filing party or parties must request expedited treatment of the motion.

Unless otherwise ordered, the opposing party must file an opposition within five business days, also limited to 500 words



Motion decided without hearing

Hearing set (potentially before opposition filed)

Court requests further briefing and sets briefing schedule

Court issues ruling and order.

Any appeal from a magistrate judge's decision on a Short Form Discovery Motion is reviewed under an extremely-deferential standard that requires the objecting party to show the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Any purported error must strike the district court "as wrong with the force of a five-week-old, unrefrigerated dead fish." *Flying J Inc. v. TA Operating Corp.*, No. 06-30, 2008 WL 2019157, at *1 (D. Utah May 7, 2008) (quoting *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir.1998)).

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      **"You,"** and **"Your"** each refers to H2E Americas LLC and each of its officers, directors, and agents.

2.      The terms **"relating to"** or **"refer or relate to"** mean anything that constitutes, contains, evidences, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes or is in any way relevant to that subject, in whole or in part, including, without limitation, communications, documents, and things concerning the matter inquired about or the existence of other communications, documents, or things relating to such matter.

3.      The terms **"or"** and **"and"** mean **"and/or"** in any request, where the meaning would have an effect bringing additional communications, documents, or things within the scope of a request.

4.      The singular of all definitions and terms also includes the plural of such definitions and terms whenever such a change would result in any additional information being responsive.

**TOPICS**

1.      H2E Americas LLC's formation and incorporation.

2.      H2E Americas LLC's current, planned, and/or former business activities.

3.      H2E Americas LLC's members.

4.      H2E Americas LLC's capital.

5.     Any actual or potential transaction between or among any of the following: H2E Americas LLC, Philomaxcap AG, Capana Swiss Advisors AG, Amerimark AG, and/or Philocity Global GmbH.

6.     Any consideration (whether cash, stock, real property, or otherwise) related to any of the actual potential transactions listed above.

7.     Corporate meetings of H2E Americas LLC that refer or relate to any of the actual or potential transactions listed above.

8.     Corporate meetings of H2E Americas LLC that refer or relate to any of the following:

     a.  Shaen Bernhardt

     b.  Ashley Miron Leshem

     c.  Capana Swiss Advisors AG

     d.  Amerimark Group AG

     e.  Amerimark Automotive Group AG

     f.  Philomaxcap AG

     g.  Orbital AG

     h.  Philocity Global GmbH

     i.  Whitetree Capital

     j.  Rymark, Inc.

     k.  Nicholas Markosian

9.     All documents produced in response to any subpoena duces tecum served on you by Rymark, Inc. and/or Nicholas Markosian.

# Ex. 2

| | |
|---|---|
| **From:** | Jonathan Goldstein |
| **To:** | Chad Pehrson; Robert Harrington |
| **Cc:** | David Osborne |
| **Subject:** | Subpoenas, Depositions and Discovery |
| **Date:** | Wednesday, December 18, 2024 1:40:46 PM |

Chad and Bobby,

I'm grateful for the call from Bobby earlier today.

To recap what he and I discussed, my clients are not available for depositions on the dates you indicated. Instead of providing new dates, Bobby agreed that you would either send a communication narrowing down what you're looking for or schedule a call with us to better explain what you're after so we can search my client's documents and see what we've got.

Our mutual efforts are now directed at working towards exchanging these documents in full satisfaction of your subpoenas. If necessary, we may be willing to supplement the document production with a sworn declaration or other form of proffer that gets you what you need.

We're not interested in having my clients deposed and would oppose any effort to do so.

I'm also confirming Bobby's assurance to me that you're not seeking to third-party my clients into this matter as defendants and our participation at this stage is predicated on that assurance.

We look forward to hearing from you about whether you'll produce a writing that will guide us in searching for documents or whether you'd rather schedule a call.

I've copied my colleague, David Osbourne. Please copy him on everything going forward. He'll be involved in helping with any document searches.

Thanks!

--
Jonathan S. Goldstein, Esq.
**Goldstein Law Partners, LLC**
200 School Alley, Suite 5
Green Lane, PA 18054
www.goldsteinlp.com
o: +1-610-949-0444
c: +1-215-266-5948
The best way to reach me is email.



December 26, 2024

Mr. Chad Pehrson, Esq.
Mr. Robert Harrington, Esq.
Kunzler Bean & Adamson, PC
50 W. Broadway, Suite 1000
Salt Lake City, Utah 84101

Gentlemen:

As you know, this firm is legal counsel for John Simkiss, Sarah Simkiss, and H2E Americas LLC.

Since our correspondence on December 18, 2024 I have had the opportunity to consult with my clients and review your discovery requests (the "Request") with them. Your clients have a vastly over-inflated view of my clients' involvement with respect to your litigation.

My clients are in receipt of your Subpoenas Duces Tecum. Please consider this correspondence our formal objection to the requests outlined therein. I specify our objections below:



With respect to the Subpoena Duces Tecum to John Simkiss:

REQUEST FOR PRODUCTION 1

All communications between you and any of the following:

a. Ashley Miron Leshem
b. David Hesterman
c. Nicolai Colshorn
d. Stefan Kammerlander
e. Alexander Coenen
f. Martin Fasser Heeg
g. Capana Swiss Advisors AG
h. Amerimark Group AG
i. Amerimark Automotive Group AG
j. Philomaxcap AG
k. Achim Pfeffer
l. Philocity Global GmbH
m. Whitetree Capital
n. Erika Zordaki
o. Josh McMorrow

RESPONSE TO REQUEST 1

Mr. Simkiss objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. The Request lacks reasonable particularity sufficient to identify the materials requested. Mr. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege. Mr. Simkiss objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 2

All communications between you and any of the following that refer or relate in any way to Rymark, Inc.; AmeriMark Group AG; AmeriMark Automotive AG; Nicholas Markosian; Vicky Small; John Kirkland; and/or the lawsuit captioned Capana Swiss Advisors AG et al. v. Rymark, Inc. et al., No. 2:23-CV_00467 (D. Utah):

1. Shaen Bernhardt
2. Capana Swiss Advisors AG
3. Orbital AG
4. Josh McMorrow
5. H2E Americas LLC
6. Venable LLP, including but not limited to John Worden, Sarah Diamond, and/or Arthur Cirulnick



7. Parsons Behle & Latimer, including but not limited to Erik Christiansen, and/or

8. Nick Greenwood.

## RESPONSE TO REQUEST 2

Mr. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mr. Simkiss objects to the phrase "refer or relate in any way to" as vague, ambiguous, and overbroad, lacking reasonable particularity, and purporting to seek documents that are wholly irrelevant to the litigation in question. Mr. Simkiss objects to the extent that the Request purports to seek materials that are protected by the attorney client privilege. Mr. Simkiss objects that the Request generally purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

[Requests 3-9 are mislabeled in original]

## REQUEST FOR PRODUCTION 10

All documents and communications that refer or relate to AmeriMark Automotive AG, AmeriMark Group AG, 4Service Cloud Tech AG, Rymark, Inc., Nicholas Thayne Markosian, John Kirkland, and/or Vicky Small.

## RESPONSE TO REQUEST 10

Mr. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mr. Simkiss objects to the phrase "refer or relate to" as vague, ambiguous, and overbroad, and lacking reasonable particularity. Mr. Simkiss objects to the extent the Request seeks documents that are publicly available.

## REQUEST FOR PRODUCTION 11

All documents and communications concerning Whitetree Capital.



**RESPONSE TO REQUEST 11**

Mr. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mr. Simkiss objects to the phrase "concerning" as vague, ambiguous, and overbroad, and lacking reasonable particularity. Mr. Simkiss objects to the extent the Request seeks documents that are publicly available. The Request lacks reasonable particularity sufficient to identify the materials requested.

**REQUEST FOR PRODUCTION 12**

All documents and communications concerning Erika Zorkadi.

**RESPONSE TO REQUEST 12**

Mr. Simkiss objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mr. Simkiss objects that the word "concerning" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to this case. The Request lacks reasonable particularity sufficient to identify the materials requested.

**REQUEST FOR PRODUCTION 13**

All documents and communications that refer or relate to any business dealings between you and Orbital AG and/or Capana Swiss Advisors AG, including but not limited to loans you have received from Orbital AG and/or Capana Swiss Advisors AG and loans you have provided to Orbital AG and/or Capana Swiss Advisors AG.

**RESPONSE TO REQUEST 13**

Mr. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. The Request lacks reasonable particularity sufficient to identify the materials requested. Mr. Simkiss objects to the phrase "refer or relate to" as vague, ambiguous, and overbroad, lacking reasonable particularity, and purporting to seek documents that are wholly irrelevant to the litigation in question. Mr. Simkiss objects to the phrase "business dealings" as vague, ambiguous, and overbroad, lacking reasonable particularity, and purporting to seek documents that are



wholly irrelevant to the litigation in question. Mr. Simkiss objects that the Request generally purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case. Mr. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.

## REQUEST FOR PRODUCTION 14

All documents and communications that refer or relate to any actual or potential transaction between any of the following: H2E Americas LLC, Philomaxcap AG, Capana, Amerimark AG, and/or Philocity Global GmbH.

## RESPONSE TO REQUEST 14

Mr. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mr. Simkiss objects to the phrase "actual or potential transaction" as vague, ambiguous, overbroad, and lacking reasonable particularity. Mr. Simkiss objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, and lacking reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. Mr. Simkiss objects that the Request generally purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case. Mr. Simkiss objects to the extent that the request purports to seek materials that are protected by attorney client privilege. Mr. Simkiss objects to the extent the Request seeks documents that are publicly available.

## REQUEST FOR PRODUCTION 15

All documents and communications that refer or relate to any actual or potential transaction or agreement between H2E Americas LLC and Philomaxcap AG.

## RESPONSE TO REQUEST 15

Mr. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mr. Simkiss objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports



to seek documents that are wholly irrelevant to the litigation in question.  Mr. Simkiss objects to the phrase "actual or potential transaction" as vague, ambiguous, overbroad, and lacking reasonable particularity.  Mr. Simkiss objects that the Request generally purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.  Mr. Simkiss objects to the extent that the request purports to seek materials that are protected by attorney client privilege.  Mr. Simkiss objects to the extent the Request seeks documents that are publicly available.

REQUEST FOR PRODUCTION 16

Records of all corporate meetings of Capana Swiss Advisors AG, Orbital AG, Philomaxcap AG, and H2E Americas LLC.

RESPONSE TO REQUEST 16

Mr. Simkiss objects.  This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  Mr. Simkiss objects that the request generally purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.  Mr. Simkiss objects to the extent the Request seeks documents that are publicly available.



With respect to the Subpoena Duces Tecum to Sarah Simkiss:

**REQUEST FOR PRODUCTION 14 [as labeled in original]**

All communications between you and any of the following:

(a) Shaen Bernhardt
(b) Ashley Miron Leshem
(c) David Hesterman
(d) Nicolai Colshorn
(e) Stefan Kammerlander
(f) Alexander Coenen
(g) Martin Fasser Heeg
(h) Capana Swiss Advisors AG
(i) Amerimark Group AG
(j) Amerimark Automotive Group AG
(k) Philomaxcap AG
(l) Achim Pfeffer
(m) Orbital AG
(n) Philocity Global GmbH
(o) H2E Americas LLC
(p) Whitetree Capital
(q) Erika Zordaki
(r) Josh McMorrow

**RESPONSE TO REQUEST 14**

Mrs. Simkiss objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. The Request lacks reasonable particularity sufficient to identify the materials requested. Mrs. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege. Mrs. Simkiss objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

**REQUEST FOR PRODUCTION 15 [as labeled in original]**

All communications between you and any of the following that refer or related in any way to Rymark, Inc.; AmeriMark Group AG; AmeriMark Automotive AG; Nicholas Markosian; Vicky Small; John Kirkland; and/or the lawsuit captioned Capana Swiss Advisors AG et al. v. Rymark, Inc. et al., No. 2:23-CV_00467 (D. Utah):

**Ex. 4**



1. Shaen Bernhardt
2. Capana Swiss Advisors AG
3. Orbital AG
4. Josh McMorrow
5. H2E Americas LLC
6. Venable LLP, including but not limited to John Worden, Sarah

Diamond, and/or Arthur Cirulnick
7. Parsons Behle & Latimer, including but not limited to Erik Christiansen and/or Nick Greenwood.

RESPONSE TO REQUEST 15

Mrs. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  Mrs. Simkiss objects that the phrase "refer or related in any way to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. The Request lacks reasonable particularity sufficient to identify the materials requested.  Mrs. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  Mrs. Simkiss objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 23 [as labeled in original]

All documents and communications that refer or relate to AmeriMark Automotive AG, AmeriMark Group AG, 4Service Cloud Tech AG, Rymark, Inc., Nicholas Thayne Markosian, John Kirkland, and/or Vicky Small, Capana Swiss Advisors AG, Capana Swiss Advisors AG, and/or Orbital AG.

RESPONSE TO REQUEST 23

Mrs. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  Mrs. Simkiss objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  The Request lacks reasonable particularity sufficient to identify the materials requested.  Mrs. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  Mrs. Simkiss objects that the Request purports



to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 24

All documents and communications concerning Whitetree Capital.

RESPONSE TO REQUEST 24

Mrs. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mrs. Simkiss objects to the phrase "concerning" as vague, ambiguous, and overbroad, and lacking reasonable particularity. Mrs. Simkiss objects to the extent the Request seeks documents that are publicly available. The Request lacks reasonable particularity sufficient to identify the materials requested.

REQUEST FOR PRODUCTION 25

All documents and communications concerning Erika Zorkadi.

RESPONSE TO REQUEST 25

Mrs. Simkiss objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mrs. Simkiss objects that the word "concerning" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to this case. The Request lacks reasonable particularity sufficient to identify the materials requested.

REQUEST FOR PRODUCTION 26

All documents and communications that refer or relate to any actual or potential transaction between any of the following: H2E Americas LLC, Philomaxcap AG, Capana, Amerimark AG, and/or Philocity Global GmbH.



**RESPONSE TO REQUEST 26**

Mrs. Simkiss objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mrs. Simkiss objects that the phrase "refer or related to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. Mrs. Simkiss objects that the phrase "potential transaction" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. The Request lacks reasonable particularity sufficient to identify the materials requested. Mrs. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege. Mrs. Simkiss objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

**REQUEST FOR PRODUCTION 27**

All documents and communications that refer or relate to any actual or potential transaction or agreement between H2E Americas LLC and Philomaxcap AG.

**RESPONSE TO REQUEST 27**

Mrs. Simkiss objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mrs. Simkiss objects that the phrase "refer or related to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. Mrs. Simkiss objects that the phrase "potential transaction or agreement" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. The Request lacks reasonable particularity sufficient to identify the materials requested. Mrs. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege. Mrs. Simkiss objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.



REQUEST FOR PRODUCTION 28

Records of all corporate meetings of Capana Swiss Advisors AG, Orbital AG, Philomaxcap AG, and H2E Americas LLC.

RESPONSE TO REQUEST 28

Mrs. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  Mrs. Simkiss objects that the phrase "corporate meetings" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  Mrs. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  Mrs. Simkiss objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 29

All documents and communications that refer or relate to any business dealings between you and Orbital AG and/or Capana Swiss Advisors AG, including but not limited to loans you have received from and loans you have provided to those entities.

RESPONSE TO REQUEST 29

Mrs. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  Mrs. Simkiss objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  Mrs. Simkiss objects that the phrase "business dealings" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  The Request lacks reasonable particularity sufficient to identify the materials requested.  Mrs. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  Mrs. Simkiss objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.



With respect to the Subpoena Duces Tecum to H2E Americas LLC ("H2E"):

REQUEST FOR PRODUCTION 1

All communications between you and any of the following:

a)  Shaen Bernhardt
b)  Ashley Miron Leshem
c)  David Hesterman
d)  Nicolai Colshorn
e)  Stefan Kammerlander
f)  Alexander Coenen
g)  Martin Fasser Heeg
h)  Capana Swiss Advisors AG
i)  Amerimark Group AG

j)  Amerimark Automotive Group AG
k)  Philomaxcap AG
l)  Orbital AG
m)  Philocity Global GmbH
n)  H2E Americas LLC
o)  Whitetree Capital
p)  Erika Zordaki
q)  Josh McMorrow

RESPONSE TO REQUEST 1

H2E objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that Request 1 demands communications between H2E and itself.  The Request lacks reasonable particularity sufficient to identify the materials requested.  H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 2

All documents and communications that refer or relate to AmeriMark Automotive AG, AmeriMark Group AG, 4Service Cloud Tech AG, Rymark, Inc., Nicholas Thayne Markosian, John Kirkland, Vicky Small, Capana Swiss Advisors AG, Capana Swiss Advisors AG, and/or Orbital AG.



RESPONSE TO REQUEST 2

H2E objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. H2E objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. The Request lacks reasonable particularity sufficient to identify the materials requested. H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege. H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 3

All documents and communications that refer or relate to any actual or potential transaction between or among any of the following: H2E Americas LLC, Philomaxcap AG, Capana, Amerimark AG, and/or Philocity Global GmbH.

RESPONSE TO REQUEST 3

H2E objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. H2E objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. H2E objects that the phrase "potential transaction" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. The Request lacks reasonable particularity sufficient to identify the materials requested. H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege. H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 4

Any consideration (whether cash, stock, real property, or otherwise) related to any of the actual potential transactions listed above.



RESPONSE TO REQUEST 4

H2E objects.  The Request references a request (Request for Production 3) that is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  This Request is therefore equally overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that the phrase "related to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  H2E objects that the phrase "transactions listed above" refers to the prior Request (Request for Production 3) a request which lists no transactions and that therefore the phrase is vague, ambiguous, overbroad, lacks reasonable particularity.  H2E objects that the phrase "any of the actual potential transactions" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  The Request lacks reasonable particularity sufficient to identify the materials requested.  H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 5

Records of all corporate meetings of H2E Americas LLC.

RESPONSE TO REQUEST 5

H2E objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that the Request purports to seek documents that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 6

All documents and communications concerning Whitetree Capital.



## RESPONSE TO REQUEST 6

H2E objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. H2E objects to the phrase "concerning" as vague, ambiguous, and overbroad, and lacking reasonable particularity. H2E objects to the extent the Request seeks documents that are publicly available. The Request lacks reasonable particularity sufficient to identify the materials requested.

## REQUEST FOR PRODUCTION 7

All documents and communications concerning Erika Zorkadi.

## RESPONSE TO REQUEST 7

H2E objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. H2E objects that the word "concerning" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to this case. The Request lacks reasonable particularity sufficient to identify the materials requested.

## REQUEST FOR PRODUCTION 8

All documents and communications that refer or relate to any business dealings between you and Orbital AG or Capana Swiss Advisors AG, including but not limited to loans you have received from Orbital AG or Capana Swiss Advisors AG and loans you have provided to Orbital AG or Capana Swiss Advisors AG.

## RESPONSE TO REQUEST 8

H2E objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. H2E objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. H2E objects that the phrase "business dealings" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. The Request lacks reasonable particularity sufficient to identify the



materials requested.  H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

If you would like to meet and confer regarding these issues and the matter of fee sharing with respect to responsiveness and privilege review costs, I am happy to have a call to discuss.  With a bit of advanced notice, I am available on December 30 & 31 and January 2 & 3 during normal east coast business hours.

Sincerely,

Jonathan S.  Goldstein, Esq.



January 8, 2025

**VIA EMAIL**

Jonathan S. Goldstein, Esq.
Goldstein Law Partners, LLC
200 School Alley, Suite 5
Green Lane, PA 18054
jgoldstein@goldsteinlp.com

> Re:     *Meet and Confer Regarding Deposition and Document Subpoenas to*
> *John Simkiss, Sarah Simkiss, and H2E Americas LLC*
> *(Capana Swiss Advisors AG, et al. v. Rymark, Inc. et al.)*

Dear Jonathan:

    We write on behalf of our clients Rymark, Inc. *et al.* in response to your letter of
December 26, 2024 and our meet and confer teleconference on January 3, 2025. We
write regarding the deposition and document subpoenas served on your clients John
Simkiss, Sarah Simkiss, and H2E Americas LLC ("H2E"). We address deposition
scheduling and your objections to the document subpoenas in turn.

> **A.     *Deposition Scheduling—We agree to forego the deposition of Sarah***
> ***Simkiss provided we can explore her involvement in a deposition of***
> ***H2E. Please provide potential deposition dates.***

    We understand that one of your primary concerns is the subpoena to depose
Sarah Simkiss. You have represented to us that her personal knowledge regarding H2E
Americas LLC ("H2E") and any potential transaction between that entity and
Philomaxcap is very limited, despite her being identified in public materials as owning
nearly all of H2E. As we discussed on our call, our aim is simply to obtain discoverable
information. Based on your representation, we are willing to withdraw the deposition
subpoena to Sarah Simkiss on condition that we promptly be permitted to take the
deposition of a corporate designee of H2E and that H2E's designee will confirm
through sworn testimony that Ms. Simkiss has no personal knowledge of the proposed

transaction with Philomaxcap or this litigation. We understand that John Simkiss would be that corporate designee. We would reserve the right to re-notice Sarah's deposition in the event that testimony establishes she has substantial knowledge pertinent to this action.

If you agree to that approach, please provide us potential deposition dates for the depositions of John Simkiss and H2E. We anticipate that those depositions could take place on the same date and we will work to be efficient in our examination. We could be available for such depositions as early as the week of January 13 and we will plan to take them via Zoom.

We note that we will also need to coordinate with opposing counsel regarding their availability. We also note that there is a current fact-discovery cutoff of January 28, 2025. We are working to see if opposing counsel will stipulate to permit these depositions after that date to accommodate your clients' schedule. But if counsel for Capana will not so stipulate, we will require deposition dates before that cutoff. We understand that Mr. Simkiss is familiar with Capana's attorneys.

> **B.**      *Objections to Document Subpoenas—We agree to a time limitation of 2016 to the present and would be happy to meet and confer regarding additional limitations after you have run initial searches.*

We also discussed your objections to the document subpoenas. You noted that your clients are unlikely to have much responsive information, which should make compliance with the subpoenas manageable.

We discussed a potential time limitation to the requests. We agree to a reasonable date limitation of 2016 to the present. We are happy to chat through any additional concerns you may have regarding time limitations.

We also understand from our teleconference that you or your clients have not yet run searches for responsive information. We noted during our call that the bulk of the document requests list specific individuals, entities, and topics, which should assist in such searches. Given the specificity of those requests, we propose that you run searches using those terms through your clients' email accounts, text messages, shared network drives, hard drives, and other electronically-stored information. We would be happy to meet and confer with you after you have run those searches in the event that such searches yield an overly-voluminous number of hits. We think that possibility is unlikely given what you have told us.

We also request that you interview your clients and work with them to locate and collect any hard-copy documents and other responsive information.

For purposes of clarity, the document subpoena to Sarah Simkiss is *not* withdrawn and we recognize that compliance will not be burdensome if she has little to no involvement.

We request that we receive your clients' responses to the document subpoenas at least seven (7) calendar days before their depositions so that we have time to review those responses and address any issues.

\*\*\*\*\*

Please let us know if you are agreeable to this approach and we would be happy to meet and confer with you regarding any concerns you might have. I can be reached at (801) 939–3697 or rharrington@kba.law.

Sincerely,

**KUNZLER BEAN & ADAMSON**

Chad Pehrson
Robert P. Harrington
Stephen Richards

# Ex. 6

| | |
|---|---|
| **From:** | Jonathan Goldstein |
| **To:** | Robert Harrington |
| **Cc:** | Chad Pehrson; David Osborne; Stephen Richards |
| **Subject:** | Re: Response to Discovery Requests |
| **Date:** | Wednesday, January 15, 2025 2:28:21 PM |

Dear Bobby:

We are reviewing your proposed narrowing of your document requests and your proposed timing of depositions.

Some basic facts would help us determine if your proposed solutions are proportional.

Can you let us know the date on which Mr. Simkiss' name first came to your attention in discovery?

Can you let us know the earliest date listed on any communication with Mr. Simkiss as shown in the documents or communications you have in your discovery?

Can you let us know the earliest date listed on any communication with Mrs. Simkiss as shown in the documents or communications you have in your discovery?

Can you let us know the earliest date listed on any communication with H2E Americas as shown in the documents or communications you have in your discovery?

Can you let us know if there are any interactive communications with our clients in your discovery to date? In other words, are there any "communications" sent by Mr. Simkiss, Mrs. Simkiss, or H2E in your discovery to date either as an original communication or a "reply to?"

On the question of fee sharing, as you are aware, the standard for fee shifting under Rule 45 is not tied to the use of third party vendors, but to prevent non-parties from incurring "significant expense", a standard which is expressly articulated in the 10th Circuit.

Given these circumstances, it will be important to come to a firm agreement on fee sharing.

I am available to meet and confer on all of these issues on Friday the 17th of this week, cognizant of the fact that I shut down in the late afternoon on Fridays for religious reasons.

After we meet and confer, my client or I may have additional questions which I will try to handle next week while I am out of the country, but given my travel schedule and his we may be slower in responding and communicating than we ordinarily would.

--
Jonathan S. Goldstein, Esq.
C: +1-215-266-5948
The best way to reach me is by email.


On Jan 13, 2025, at 9:27 PM, Robert Harrington <rharrington@kba.law> wrote:

Jonathan:

Thank you for your email. We are obviously willing to work with you to accommodate deposition dates that work for you and your client and on timing and scope on the document productions. But we need to know definitively by this Thursday (January 16) that your clients are willing to produce documents and sit for depositions. Can you please confirm and provide deposition dates? We recognize and reaffirm that we are willing to forego the deposition of Sarah Simkiss provided that we can explore her role and confirm her lack of involvement in the other depositions. If you can't provide us that comfort then we will move to enforce the subpoenas.

I expect you have heard that Plaintiffs' counsel at Venable have refused to stipulate that your clients' depositions can occur after the fact discovery deadline of January 28. We intend to move the court here in Salt Lake City for an extension of time to take your clients' depositions. We would like to tell the court that you have provided us with dates, rather than that you have refused to do so and that we expect to also be required to file an action in Pennsylvania to enforce the subpoenas.

As always, call me if you'd like to discuss. Thanks.
Bobby

801-718-8851

---

**From:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>
**Sent:** Friday, January 10, 2025 1:18 PM
**To:** Robert Harrington <rharrington@kba.law>; Chad Pehrson <cpehrson@kba.law>
**Cc:** David Osborne <dosborne@goldsteinlp.com>; Stephen Richards <srichards@kba.law>
**Subject:** RE: Response to Discovery Requests

- EXTERNAL EMAIL -
Thanks for this letter.  I'm shutting down shortly for Shabbos.

I am working to find a time to review the letter with my clients.  I hope to be back to you next week with a response to your proposed limitations.

In the meantime, I'm confirming again that I'll be out of the country from January 19th, through and including the 27th and neither Mr. nor Mrs. Simkiss will be able to make dates that week work for a deposition.

--
Jonathan S. Goldstein, Esq.

**Goldstein Law Partners, LLC**
200 School Alley, Suite 5
Green Lane, PA 18054
www.goldsteinlp.com
o: +1-610-949-0444
c: +1-215-266-5948
The best way to reach me is email.

---

**From:** Robert Harrington <rharrington@kba.law>
**Sent:** Wednesday, January 8, 2025 11:43 PM
**To:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>; Chad Pehrson <cpehrson@kba.law>
**Cc:** David Osborne <dosborne@goldsteinlp.com>; Stephen Richards <srichards@kba.law>
**Subject:** RE: Response to Discovery Requests

Jonathan,

It was nice to speak with you the other day. Please find attached correspondence from our office.

Please let us know about potential deposition dates. I am around tomorrow and Friday if you would like to discuss.

Thanks,
Bobby

---

**From:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>
**Sent:** Thursday, December 26, 2024 11:54 AM
**To:** Chad Pehrson <cpehrson@kba.law>; Robert Harrington <rharrington@kba.law>
**Cc:** David Osborne <dosborne@goldsteinlp.com>
**Subject:** Response to Discovery Requests

- EXTERNAL EMAIL -
Chad and Bobby,

Please see attached correspondence with regard to your discovery requests to Mr. and Mrs. Simkiss and to H2E Americas LLC.

--
Jonathan S. Goldstein, Esq.
**Goldstein Law Partners, LLC**
200 School Alley, Suite 5
Green Lane, PA 18054
www.goldsteinlp.com

o: +1-610-949-0444
c: +1-215-266-5948
The best way to reach me is email.

| From: | Robert Harrington |
| To: | Jonathan Goldstein |
| Cc: | Chad Pehrson; David Osborne; Stephen Richards |
| Subject: | RE: Response to Discovery Requests |
| Date: | Thursday, January 16, 2025 11:54:40 AM |

Jonathan,

We are happy to work to provide information. But we need to know with certainty today whether your clients agree in principle to sit for deposition and produce documents. Can you confirm?

Would it work to meet and confer tomorrow at 1 pm ET?

Thanks,
Bobby

**From:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>
**Sent:** Wednesday, January 15, 2025 12:28 PM
**To:** Robert Harrington <rharrington@kba.law>
**Cc:** Chad Pehrson <cpehrson@kba.law>; David Osborne <dosborne@goldsteinlp.com>; Stephen Richards <srichards@kba.law>
**Subject:** Re: Response to Discovery Requests

- EXTERNAL EMAIL -
Dear Bobby:

We are reviewing your proposed narrowing of your document requests and your proposed timing of depositions.

Some basic facts would help us determine if your proposed solutions are proportional.

Can you let us know the date on which Mr. Simkiss' name first came to your attention in discovery?

Can you let us know the earliest date listed on any communication with Mr. Simkiss as shown in the documents or communications you have in your discovery?

Can you let us know the earliest date listed on any communication with Mrs. Simkiss as shown in the documents or communications you have in your discovery?

Can you let us know the earliest date listed on any communication with H2E Americas as shown in the documents or communications you have in your discovery?

Can you let us know if there are any interactive communications with our clients in

your discovery to date? In other words, are there any "communications" sent by Mr. Simkiss, Mrs. Simkiss, or H2E in your discovery to date either as an original communication or a "reply to?"

On the question of fee sharing, as you are aware, the standard for fee shifting under Rule 45 is not tied to the use of third party vendors, but to prevent non-parties from incurring "significant expense", a standard which is expressly articulated in the 10th Circuit.

Given these circumstances, it will be important to come to a firm agreement on fee sharing.

I am available to meet and confer on all of these issues on Friday the 17th of this week, cognizant of the fact that I shut down in the late afternoon on Fridays for religious reasons.

After we meet and confer, my client or I may have additional questions which I will try to handle next week while I am out of the country, but given my travel schedule and his we may be slower in responding and communicating than we ordinarily would.


--
Jonathan S. Goldstein, Esq.
C: +1-215-266-5948
The best way to reach me is by email.


On Jan 13, 2025, at 9:27 PM, Robert Harrington <rharrington@kba.law> wrote:


Jonathan:

Thank you for your email. We are obviously willing to work with you to accommodate deposition dates that work for you and your client and on timing and scope on the document productions. But we need to know definitively by this Thursday (January 16) that your clients are willing to produce documents and sit for depositions. Can you please confirm and provide deposition dates? We recognize and reaffirm that we are willing to forego the deposition of Sarah Simkiss provided that we can explore her role and confirm her lack of involvement in the other depositions. If you can't provide us that comfort then we will move to enforce the subpoenas.

I expect you have heard that Plaintiffs' counsel at Venable have refused to stipulate that your clients' depositions can occur after the fact discovery deadline of January 28. We intend to move the court here in Salt Lake City for an extension of time to take your clients' depositions. We would like to tell the court that you have provided us with dates, rather than that you have refused to

do so and that we expect to also be required to file an action in Pennsylvania to enforce the subpoenas.

As always, call me if you'd like to discuss. Thanks.
Bobby

801-718-8851

---

**From:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>
**Sent:** Friday, January 10, 2025 1:18 PM
**To:** Robert Harrington <rharrington@kba.law>; Chad Pehrson <cpehrson@kba.law>
**Cc:** David Osborne <dosborne@goldsteinlp.com>; Stephen Richards <srichards@kba.law>
**Subject:** RE: Response to Discovery Requests

- EXTERNAL EMAIL -
Thanks for this letter.  I'm shutting down shortly for Shabbos.

I am working to find a time to review the letter with my clients.  I hope to be back to you next week with a response to your proposed limitations.

In the meantime, I'm confirming again that I'll be out of the country from January 19th, through and including the 27th and neither Mr. nor Mrs. Simkiss will be able to make dates that week work for a deposition.

--
Jonathan S. Goldstein, Esq.
**Goldstein Law Partners, LLC**
200 School Alley, Suite 5
Green Lane, PA 18054
www.goldsteinlp.com
o: +1-610-949-0444
c: +1-215-266-5948
The best way to reach me is email.

---

**From:** Robert Harrington <rharrington@kba.law>
**Sent:** Wednesday, January 8, 2025 11:43 PM
**To:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>; Chad Pehrson <cpehrson@kba.law>
**Cc:** David Osborne <dosborne@goldsteinlp.com>; Stephen Richards <srichards@kba.law>
**Subject:** RE: Response to Discovery Requests

Jonathan,

It was nice to speak with you the other day. Please find attached correspondence from our office.

Please let us know about potential deposition dates. I am around tomorrow and Friday if you would like to discuss.

Thanks,
Bobby

---

**From:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>
**Sent:** Thursday, December 26, 2024 11:54 AM
**To:** Chad Pehrson <cpehrson@kba.law>; Robert Harrington <rharrington@kba.law>
**Cc:** David Osborne <dosborne@goldsteinlp.com>
**Subject:** Response to Discovery Requests

- EXTERNAL EMAIL -
Chad and Bobby,

Please see attached correspondence with regard to your discovery requests to Mr. and Mrs. Simkiss and to H2E Americas LLC.

--
Jonathan S. Goldstein, Esq.
**Goldstein Law Partners, LLC**
200 School Alley, Suite 5
Green Lane, PA 18054
www.goldsteinlp.com
o: +1-610-949-0444
c: +1-215-266-5948
The best way to reach me is email.

| | |
|---|---|
| **From:** | Jonathan Goldstein |
| **To:** | Robert Harrington |
| **Cc:** | Chad Pehrson; David Osborne; Stephen Richards |
| **Subject:** | RE: Response to Discovery Requests |
| **Date:** | Thursday, January 16, 2025 1:52:13 PM |

Bobby,

I don't know how I can be expected to advise my client with so many significant issues outstanding and I don't know how I can answer your question before you answer mine. I'm at a loss for how to meet and confer further without answers to my questions.

My client is a reasonable man, but I don't know how he can decide whether to sit for a deposition without more clarity around the issues I raised.

I may be able to talk again to meet and confer from Israel next week, but it would have to be late in the day Israel time on either Wednesday or Thursday and would be subject to last minute cancellation based on the situation over there which I'm sure you can appreciate is very fluid since it is in a war zone.

--
Jonathan S. Goldstein, Esq.
**Goldstein Law Partners, LLC**
200 School Alley, Suite 5
Green Lane, PA 18054
www.goldsteinlp.com
o: +1-610-949-0444
c: +1-215-266-5948
The best way to reach me is email.

**From:** Robert Harrington <rharrington@kba.law>
**Sent:** Thursday, January 16, 2025 11:55 AM
**To:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>
**Cc:** Chad Pehrson <cpehrson@kba.law>; David Osborne <dosborne@goldsteinlp.com>; Stephen Richards <srichards@kba.law>
**Subject:** RE: Response to Discovery Requests

Jonathan,

We are happy to work to provide information. But we need to know with certainty today whether your clients agree in principle to sit for deposition and produce documents. Can you confirm?

Would it work to meet and confer tomorrow at 1 pm ET?

Thanks,
Bobby

**From:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>
**Sent:** Wednesday, January 15, 2025 12:28 PM
**To:** Robert Harrington <rharrington@kba.law>
**Cc:** Chad Pehrson <cpehrson@kba.law>; David Osborne <dosborne@goldsteinlp.com>; Stephen Richards <srichards@kba.law>
**Subject:** Re: Response to Discovery Requests

- EXTERNAL EMAIL -
Dear Bobby:

We are reviewing your proposed narrowing of your document requests and your proposed timing of depositions.

Some basic facts would help us determine if your proposed solutions are proportional.

Can you let us know the date on which Mr. Simkiss' name first came to your attention in discovery?

Can you let us know the earliest date listed on any communication with Mr. Simkiss as shown in the documents or communications you have in your discovery?

Can you let us know the earliest date listed on any communication with Mrs. Simkiss as shown in the documents or communications you have in your discovery?

Can you let us know the earliest date listed on any communication with H2E Americas as shown in the documents or communications you have in your discovery?

Can you let us know if there are any interactive communications with our clients in your discovery to date? In other words, are there any "communications" sent by Mr. Simkiss, Mrs. Simkiss, or H2E in your discovery to date either as an original communication or a "reply to?"

On the question of fee sharing, as you are aware, the standard for fee shifting under Rule 45 is not tied to the use of third party vendors, but to prevent non-parties from incurring "significant expense", a standard which is expressly articulated in the 10th Circuit.

Given these circumstances, it will be important to come to a firm agreement on fee sharing.

I am available to meet and confer on all of these issues on Friday the 17th of this week, cognizant of the fact that I shut down in the late afternoon on Fridays for

religious reasons.

After we meet and confer, my client or I may have additional questions which I will try to handle next week while I am out of the country, but given my travel schedule and his we may be slower in responding and communicating than we ordinarily would.

--
Jonathan S. Goldstein, Esq.
C: +1-215-266-5948
The best way to reach me is by email.

> On Jan 13, 2025, at 9:27 PM, Robert Harrington <rharrington@kba.law> wrote:
>
> Jonathan:
>
> Thank you for your email. We are obviously willing to work with you to accommodate deposition dates that work for you and your client and on timing and scope on the document productions. But we need to know definitively by this Thursday (January 16) that your clients are willing to produce documents and sit for depositions. Can you please confirm and provide deposition dates? We recognize and reaffirm that we are willing to forego the deposition of Sarah Simkiss provided that we can explore her role and confirm her lack of involvement in the other depositions. If you can't provide us that comfort then we will move to enforce the subpoenas.
>
> I expect you have heard that Plaintiffs' counsel at Venable have refused to stipulate that your clients' depositions can occur after the fact discovery deadline of January 28. We intend to move the court here in Salt Lake City for an extension of time to take your clients' depositions. We would like to tell the court that you have provided us with dates, rather than that you have refused to do so and that we expect to also be required to file an action in Pennsylvania to enforce the subpoenas.
>
> As always, call me if you'd like to discuss. Thanks.
> Bobby
>
> 801-718-8851

---

**From:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>
**Sent:** Friday, January 10, 2025 1:18 PM
**To:** Robert Harrington <rharrington@kba.law>; Chad Pehrson <cpehrson@kba.law>
**Cc:** David Osborne <dosborne@goldsteinlp.com>; Stephen Richards <srichards@kba.law>

**Subject:** RE: Response to Discovery Requests

- EXTERNAL EMAIL -
Thanks for this letter.  I'm shutting down shortly for Shabbos.

I am working to find a time to review the letter with my clients.  I hope to be back to you next week with a response to your proposed limitations.

In the meantime, I'm confirming again that I'll be out of the country from January 19th, through and including the 27th and neither Mr. nor Mrs. Simkiss will be able to make dates that week work for a deposition.

--
Jonathan S. Goldstein, Esq.
**Goldstein Law Partners, LLC**
200 School Alley, Suite 5
Green Lane, PA 18054
www.goldsteinlp.com
o: +1-610-949-0444
c: +1-215-266-5948
The best way to reach me is email.

---

**From:** Robert Harrington <rharrington@kba.law>
**Sent:** Wednesday, January 8, 2025 11:43 PM
**To:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>; Chad Pehrson <cpehrson@kba.law>
**Cc:** David Osborne <dosborne@goldsteinlp.com>; Stephen Richards <srichards@kba.law>
**Subject:** RE: Response to Discovery Requests

Jonathan,

It was nice to speak with you the other day. Please find attached correspondence from our office.

Please let us know about potential deposition dates. I am around tomorrow and Friday if you would like to discuss.

Thanks,
Bobby

---

**From:** Jonathan Goldstein <jgoldstein@goldsteinlp.com>
**Sent:** Thursday, December 26, 2024 11:54 AM
**To:** Chad Pehrson <cpehrson@kba.law>; Robert Harrington <rharrington@kba.law>
**Cc:** David Osborne <dosborne@goldsteinlp.com>

**Subject:** Response to Discovery Requests

- EXTERNAL EMAIL -
Chad and Bobby,

Please see attached correspondence with regard to your discovery requests to Mr. and Mrs. Simkiss and to H2E Americas LLC.

--
Jonathan S. Goldstein, Esq.
**Goldstein Law Partners, LLC**
200 School Alley, Suite 5
Green Lane, PA 18054
www.goldsteinlp.com
o: +1-610-949-0444
c: +1-215-266-5948
The best way to reach me is email.