IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| H2E AMERICAS, LLC, </br></br>　　　　　Petitioner, </br></br>　　v. </br></br>RYMARK, INC., *et al.*, </br></br>　　　　　Respondents. | ) </br> ) </br> ) </br> ) </br> ) 　Civil Action No. 25-mc-29-RGA-SRF </br> ) </br> ) </br> ) </br> ) </br> ) |

## ORDER

Pending before the court is the motion of H2E Americas, LLC ("Petitioner") to quash the third-party subpoenas served upon it by respondents Rymark, Inc., Nicholas Markosian, and Vicky Small (collectively, "Respondents") or, alternatively, to enter a protective order under Federal Rule of Civil Procedure 26(c). (D.I. 1) Respondents are defendants / counter-claimants in a civil action pending in the District Court for the District of Utah, *Capana Swiss Advisors, AG, et al. v. Rymark Inc., et al.*, C.A. No. 2:23-467 (D. Utah). Having reviewed the motion, and in the interest of efficiency, IT IS ORDERED that the matter shall proceed as follows:

1. Petitioner shall complete service of both the motion to quash and this Order on Respondents by February 5, 2025. Petitioner shall file proofs of service with the court on or before February 7, 2025.

2. On or before February 12, 2025, or such other time as agreed to by the parties, Petitioner shall meet and confer with Respondents (in person and/or by telephone) regarding the motion to quash. Should the parties agree on the manner and scope of compliance with the subpoenas, Petitioner shall file a Stipulation and Proposed Order regarding the subpoenas. The parties may also submit a proposed Protective Order.

3. If the parties find they are unable to agree on compliance with the subpoenas (or the terms of a protective order, if applicable), any party may file a Motion for Teleconference to Resolve Discovery Dispute. The suggested text for this motion can be found in Judge Fallon's portion of the court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute - Revised 10/10/19[.]" The dispute will thereafter be addressed in accordance with Judge Fallon's discovery dispute procedures. Respondents' letter shall be due first, and it should set forth why the subpoena should not be quashed and/or why a protective order should not be entered. Should Respondents fail to comply with this Order, the court may consider and grant the motion to quash, in whole or in part, without further notice to Respondents.

Date: January 30, 2025

The Honorable Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE